

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-9-2004

# USA v. Coplin

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1570

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Coplin" (2004). *2004 Decisions.* Paper 406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 03-1570

————

UNITED STATES OF AMERICA

v.

JEFFREY COPLIN,

Appellant

————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Dist. Ct. No. 00-cr-00745)
District Judge: Honorable J. Curtis Joyner

————

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2004

Before: NYGAARD, McKEE and CHERTOFF, Circuit Judges.

(Filed:   August 9, 2004 )

————

OPINION

————

CHERTOFF, Circuit Judge.

Jeffrey Coplin appeals his conviction for two counts of distribution of cocaine

base, in violation of 21 U.S.C. § 841(a)(1), and two counts of distribution of cocaine base within 1,000 feet of a public playground, in violation of 21 U.S.C. § 860. Coplin pled guilty to all counts. The District Court sentenced Coplin to concurrent sentences of 20 years imprisonment and 10 years supervised release, the mandatory minimum where a defendant has previously been convicted for a felony drug offense. See 21 U.S.C. § 841.[1]

Attorney Wayne R. Maynard filed a motion to withdraw as counsel for Coplin. In support of the motion to withdraw, Maynard has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and Third Circuit Local Appellate Rule (L.A.R.) 109.2(a) in which he maintains that there are no nonfrivolous grounds for an appeal. In addition, Coplin has filed a *pro se* brief, in accordance with L.A.R. 109.2(a). For the reasons stated below, we will affirm the District Court's judgment and grant the motion to withdraw.

---

[1] This provision provides, in pertinent part: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . . [I]f there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment." 21 U.S.C. § 841.

21 U.S.C. § 860 incorporates the mandatory minimums set forth in 21 U.S.C. § 841. See 21 U.S.C. § 860(a), (b) ("Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a person shall be sentenced under this subsection . . . ."). Moreover, as noted in the Presentence Investigative Report (PSR), the penalties for violation of 21 U.S.C. § 841 and 21 U.S.C. § 860 merge and do not receive separate sentences.

I.

This Court's inquiry when counsel submits an <u>Anders</u> brief is twofold: (1) whether Counsel adequately fulfilled L.A.R. 109.2(a); and (2) whether an independent review of the record presents any nonfrivolous issues. <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001). In order for counsel to discharge his duty under the first prong, the brief must "(1) . . . satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) . . . explain why the issues are frivolous." <u>Id.</u> at 300. "Where the Anders brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the Anders brief itself.'" <u>Id.</u> at 301 (quoting <u>United States v. Wagner</u>, 103 F.3d 551, 553 (7th Cir. 1996)).

We conclude that the brief in this case is adequate, and therefore it guides our independent review of the record. <u>See</u> <u>Youla</u>, 241 F.3d at 301. Maynard raises the following seven issues in his brief: (1) Was the Appellant's guilty plea knowingly and voluntarily entered?; (2) Did the District Court commit an abuse of discretion in denying the Appellant's pre-sentence motion to withdraw his guilty plea?; (3) Did the Government violate the law in not entering a plea agreement with the Appellant that called to make a motion pursuant to §5K1.1 of the Sentencing Guidelines?;[2] (4) Is

---

[2] This provision provides, in pertinent part: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1.

resentencing required because counsel allegedly did not review the pre-sentence report with the Appellant and because the pre-sentence report contained an erroneous criminal history?; (5) Did the District Court err in not crediting the Appellant for accepting responsibility pursuant to § 3E1.1 of the Sentencing Guidelines?; (6) Is resentencing required on account of sentencing entrapment on the part of the government?; and (7) Are 21 U.S.C. § 841(b)(1)(A) and (B) facially unconstitutional? Notably, Coplin appears to have specifically advised Maynard of the issues he wanted raised on appeal.[3]

Coplin presents almost the identical issues in his *pro se* brief.[4] The only argument that appears to be distinct is his claim that he was the victim of selective prosecution. After reviewing the record, we agree with counsel that there are no nonfrivolous grounds for appeal.

## II.

First, Judge Joyner fully complied with the requirements of Federal Rule of

---

[3] Maynard explains in his brief: "Following the filing of the notice of appeal, the appellant sent counsel various letters wherein he set forth issues he wished raised on appeal." Appellant Br. at 7.

[4] Coplin advances the following six issues in his *pro se* brief: (1) Was the Appellant a victim of selective prosecution?; (2) Was the Appellant a victim of sentencing entrapment?; (3) Did the District Court commit an abuse of discretion in denying the Appellant's presentencing motion to withdraw his guilty plea?; (4) Did the District Court err in not crediting the Appellant for acceptance of responsibility pursuant to § 3E1.1?; (5) Was Appellant's guilty plea voluntarily and intelligently made?; (6) Were the Government's motives for not awarding a downward departure unconstitutional?

Criminal Procedure 11 in conducting the plea colloquy, ensuring that Coplin was entering into the plea knowingly and voluntarily, and was aware of the 20 year mandatory minimum.

Second, the District Court did not abuse its discretion in denying Coplin's motion to withdraw his guilty plea. See United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003). "Once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim. Rather, pursuant to Federal Rule of Criminal Procedure 32(e), a defendant must have a 'fair and just reason' for withdrawing a plea of guilty." Id. at 252 (internal citations omitted).[5] Coplin conceded at the hearing on the motion to withdraw the guilty plea that he responded truthfully at the plea colloquy when he indicated that he entered the plea freely and voluntarily, and had not been given any promises or assurances in an effort to induce a guilty plea. See App. at 44a.

Third, the Government did not violate the law in not entering into a plea agreement with the Appellant that called to make a §5K1.1 motion. "[T]he prosecutor's discretion to file [a §5K1.1] motion [is] almost unfettered: the government's refusal could only be challenged if it 'was based on an unconstitutional motive,' like race or religion." United States v. Isaac, 141 F.3d 477, 481 (3d Cir. 1998) (quoting Wade v. United States, 504 U.S. 181, 185-86 (1992)). Coplin's assertion that he "was denied a

_____

[5] "A district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." Jones, 336 F.3d at 252.

5

downward departure to retaliate against his sister [sic] decision not to take DEA agents directly to the target's house and introduce undercover DEA agent to target," Coplin Br. at 16, does not fall within these narrow grounds for challenging the prosecutor's discretion. Coplin suggests that he was somehow misled into believing there was an agreement because the prosecutor told him the § 5K1.1 motion "was already type[d] out and that she had forgot and left it on her desk at her office and she would make sure that she had it with her the next time we had a meeting." Coplin Br. at 14. However, at the plea colloquy Coplin indicated that he had not been given any promises or assurances in an effort to induce his plea, see App. at 14a, and Coplin affirmed the truthfulness of these responses at the hearing on the motion to withdraw the guilty plea, see id. at 51a-52a.[6]

_____

[6] Coplin's testimony on cross-examination by the Government provides, in pertinent part:

Q. At some point wasn't it communicated to you that the information that you provided was not going to be enough to earn you a downward departure? Were you told that?
A. By you?
Q. Yes.
A. I think I remember you telling me that.
Q. Okay. And, in fact, you then pled guilty without the benefit of a plea agreement that contained any language about a motion for a downward departure, correct?
A. Well, the plea agreement, there was none. Mr. Martir [Coplin's counsel] told me that we had a deal . . . . He didn't say a plea agreement.
Q. Before or after your plea?
A. Before my plea.
Q. But you didn't sign anything. You never saw a plea agreement?
A. No.
Q. You didn't tell the judge that one existed, correct?
A. No, I didn't.

Fourth, there is no evidence that counsel failed to review the pre-sentence report or that the report contained an erroneous criminal history. Maynard indicated at Coplin's sentencing hearing that he had an opportunity to review the presentence report with his client, see App. at 94a, and Coplin did not raise either of these objections when given the opportunity to address the District Court prior to the imposition of his sentence, see id. at 95a.

Fifth, the District Court did not err in not crediting Coplin for accepting responsibility pursuant to § 3E1.1 of the Sentencing Guidelines. Because the Sentencing Guidelines cannot supersede the statutory minimum, the District Court had no discretion to grant a downward departure. See United States v. Tannis, 942 F.2d 196, 198 (3d Cir. 1991).

Sixth, there is no evidence supporting the charge of sentencing entrapment, which "'occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment.'" United States v. Sumler, 294 F.3d 579, 582 (3d Cir. 2002) (quoting United States v. Ramirez-Rangel, 103 F.3d 1501, 1506 (9th Cir. 1997)).

Seventh, we find frivolous Coplin's claim of selective prosecution on the grounds

Q. When you were asked whether or not there were any promises made to you to induce you to plead guilty, you said no, there were not, correct?
A. Yes, I did.

App. at 51a-52a.

7

that "[i]f law enforcement didn't need the appellant['s] sister [as a confidential informant], he would not have been prosecuted." Coplin Br. at 7. To begin, "[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." United States v. Armstrong, 517 U.S. 456, 463 (1996). Moreover, there is no support in the record for this argument, and, at any rate it does not amount to a claim of selective prosecution for unconstitutional reasons.

III.

There is only one argument that gives us pause. Coplin contends that 21 U.S.C. § 841(b)(1)(A) and (B) are facially unconstitutional. As Maynard explains, Coplin sent a letter to this Court and Maynard, contending that the Ninth Circuit's decision in United States v. Buckland, 259 F.3d 1157 (9th Cir. 2001) supports his claim that this provision is unconstitutional. As Maynard points out, however, the Ninth Circuit reversed that decision on rehearing en banc. See United States v. Buckland, 277 F.3d 1173 (9th Cir. 2002) (en banc), amended and superseded by United States v. Buckland, 289 F.3d 558 (9th Cir. 2002) (en banc), cert. denied, 535 U.S. 1105 (2002).[7]

---

[7] In the en banc Buckland opinion, the Ninth Circuit reasoned that following the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), the Court was not "bound by our pre-Apprendi holdings that these statutes commit determination of drug quantity to a judge for a finding under the preponderance standard." 289 F.3d at 567. That is, the statute was interpreted to avoid a constitutional problem. In so holding, Buckland comported with the conclusion reached by many of our sister circuits that

While Coplin's reliance on <u>Buckland</u> is easily dismissed, his argument raises the more interesting question whether Coplin has a nonfrivolous ground for appeal based on the Supreme Court's recent decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), rendered after the filing of the briefs in this case. Without delving into the many complex questions raised by <u>Blakely</u>, we conclude that under any interpretation of <u>Blakely</u>, Coplin has no nonfrivolous ground for appeal.

In <u>Apprendi v. New Jersey</u>, the Supreme Court explained that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000) (emphasis added). In <u>Blakely</u>, the Supreme Court, in a case reviewing the Washington state sentencing scheme, ruled that for the purpose of <u>Apprendi</u>, "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 124 S. Ct. at 2537.

Even if <u>Blakely</u> applies to the United States Sentencing Guidelines, the rule enunciated in <u>Blakely</u> would be inapplicable in this case because Coplin explicitly pled guilty to the elements of the offense that are a prerequisite to the imposition of the mandatory minimum sentence of 20 years imprisonment and ten years of supervised release. First, Coplin specifically pled to knowingly and intentionally distributing or

§ 841 is not facially unconstitutional. <u>See</u> <u>id.</u> at 562 n.1 (citing cases).

possessing with the intent to distribute in excess of 50 grams of cocaine base. <u>See</u> App. at 19a-20a; 21 U.S.C. § 841(b)(1)(A)(iii). These facts and quantities mandate the imposition of a "term of imprisonment which may not be less than 10 years" and "a term of supervised release of at least 5 years." 21 U.S.C. § 841(b)(1)(A).

Second, Coplin was subject to the increased penalty of "a term of imprisonment which may not be less than 20 years" and "a term of supervised release of at least 10 years in addition to such term of imprisonment" because of his prior conviction for a felony drug offense. Thus, the only fact relevant to Coplin's sentence, other than the elements to which he specifically pled, was the fact of a prior conviction.

The prior conviction was not disputed at sentencing. The Presentence Investigative Report (PSR) specifically indicated that Coplin agreed and stipulated that he had been convicted of a prior felony drug offense, and was therefore subject to the enhanced penalty provisions of § 841(b)(1)(A). PSR ¶ 3(b). At the plea colloquy, Coplin acknowledged the 20-year mandatory minimum sentence. <u>See</u> App. at 14a-15a. At sentencing, Maynard represented that his client "underst[ood] that there's a mandatory minimum . . . of 20 year sentence that the Court must impose," App. at 95a, and at no point did Coplin raise an objection to the PSR.[8]

Moreover, in <u>Almendarez-Torres v. United States</u>, the Supreme Court rejected the

---

[8] At one point during the sentencing hearing, Coplin attempted to object to the imposition of a ten year term of supervised release. Judge Joyner explained that this was the mandatory supervised release term under the statute, and directed Coplin to the PSR. <u>See</u> App. 99a-100a.

argument that where the fact of prior conviction made a defendant eligible for an increased sentence,[9] "the Constitution requires Congress to treat recidivism as an element of the offense . . . [and] [t]he Government must prove that 'element' to a jury." 523 U.S. 224, 239 (1998). Apprendi specifically declined to overrule the prior decision in Almendarez-Torres, explaining that "[b]ecause Almendarez-Torres had *admitted* the . . . earlier convictions . . . —all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own—no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court." Apprendi, 530 U.S. at 488. Rather, Apprendi specifically limited its holding to facts "[o]ther than the fact of a prior conviction." 530 U.S. at 490. Nothing in Blakely overrules Almendarez-Torrez, or the express limitation on the rule announced in Apprendi. Cf. Blakely, 124 S. Ct. at 2536 (quoting Apprendi, 530 U.S. at 490) (reiterating that the rule in Apprendi is that "[o]ther than the fact of a prior conviction, any fact that increases the penalty . . . . ").

We are absolutely bound by those decisions, for it is the "[Supreme] Court's prerogative alone to overrule one of its precedents." State Oil Co. v. Khan, 522 U.S. 3, 20 (1997). Even if we believe that the foundation of a prior Supreme Court decision is

_____

[9] In Almendarez-Torres, the fact of prior conviction triggered an increase in the maximum permissive sentence, rather than a mandatory minimum sentence. The Supreme Court, however, explicitly rejected that such a distinction was determinative in evaluating the constitutionality of the provision. See Almendarez-Torres, 523 U.S. at 244-45.

11

thoroughly undermined, it is up to the Supreme Court to complete the demolition of its

own decision.  Thus, there is no nonfrivolous claim that Coplin's sentence violated

Blakely.[10]


For the foregoing reasons, the judgment of the District Court will be affirmed, and

we will grant Wayne R. Maynard's motion to withdraw.[11]

---

[10] We note that Coplin was clearly advised in the colloquy that he was surrendering his right to have a jury determine the elements of the offense, specifically the elements of specific quantity of drugs, and the proximity to the school.  This would satisfy any reading of Blakely.

[11] We also note that because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the Supreme Court. L.A.R. 109.2(b).