

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-5-2004

# USA v. Moore

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3811

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Moore" (2004). *2004 Decisions*. Paper 258.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/258

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3811

———

UNITED STATES OF AMERICA

v.

ROBERT MOORE,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Dist. Ct. No. 02-cr-565-1)
District Judge: Honorable Eduardo C. Robreno

———

Submitted Under Third Circuit LAR 34.1(a): October 1, 2004

Before: ROTH and CHERTOFF, *Circuit Judges*, and
IRENAS,* *Senior District Judge*

(Filed  October 4, 2004)

———

OPINION

———

_____

* Honorable Joseph E. Irenas, Senior United States District Judge for the District
of New Jersey, sitting by designation.

CHERTOFF, *Circuit Judge*.

Appellant Robert Moore was convicted after a bench trial on a three count indictment. Count One charged Moore with possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); Count Two charged him with carrying a firearm "during and in relation to" a drug trafficking offense, in violation of 18 U.S.C. § 924 (c)(1); and Count Three charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (g)(1). Moore was sentenced to 84 months in prison on Counts One and Three. He received a consecutive term of 60 months imprisonment on Count Two. Moore appeals the sufficiency of the evidence to convict him on Count Two, arguing that there was no evidence to support a finding that he carried a gun "in relation to" his crime of possession of heroin with intent to distribute. We do not agree, and will affirm the conviction.

On the evening of January 30, 2002, police were patrolling in an unmarked car at Amber and William Streets in Philadelphia when they saw a male look at them and then shout something to Moore, standing some 20-25 feet away. Moore looked at the unmarked car, turned and began to walk away down William Street. As he walked, he turned several times to look back at the following police car. One officer observed Moore toss a baggie to the ground. Based on his experience, he recognized that the baggie contained illegal narcotics. He then stopped Moore, frisked him, and found a

2

loaded revolver in his waistband.  Later, the police found $155 in cash in Moore's pants pocket.

At trial, the government offered the foregoing evidence, as well as proof that several weeks earlier Moore was arrested in the same area selling heroin from a "stash" under a doorstep.  On the earlier occasion, police did not find a gun in Moore's possession.

The defense urged that Moore had the gun for personal protection, and that the drugs possessed were for personal use.

The law is clear.  To sustain a conviction for carrying a gun "during and in relation to" a drug crime, the government must prove that the gun in some way facilitated, or had the potential to facilitate, the drug offense.  United States v. Williams, 344 F.3d 365, 371 (3d Cir. 2003).  This concept is "expansive." Id.  In this case, we think that the District Judge was well-justified in concluding, after careful consideration, that the purpose of the firearm had to be, at least in part, to protect the drugs and drug proceeds that Moore was carrying.  There is no refuting the District Court's logic: The "only thing [Moore] had with him worth protecting at the time was cash and heroin." (App. 131a.)  Cf. United States v. Loney, 219 F.3d 281, 288-89 (3d Cir. 2000)(for sentencing purposes, possession of heroin and a gun meets preponderance standard in establishing that the gun was used in connection with a felony).

Moore argues that the government's evidence is "equally consistent with Mr. Moore possessing the gun in a dangerous neighborhood simply to protect himself" – as opposed to protecting the drugs and money he was carrying on himself. (Br. 13.) This argument fails for two reasons. First, the rule is not that a defendant must be acquitted if there are competing inferences of guilt and innocence from the facts. Rather, a conviction is sustainable if "after viewing the evidence in the light most favorable to the prosecutor, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Second, we do not think there is an equal (or even particularly reasonable) inference that Moore carried the gun to protect himself, as distinct from protecting the drugs and money. Even if he was concerned about his personal safety, common sense suggests that he had reason to be concerned precisely because he was carrying narcotics and narcotics proceeds that would be attractive targets to others. The distinction which the defense urges here is simply too fine a point in real life.[1]

Accordingly, we will affirm the judgment of the District Court.[2]

---

[1] At trial, Moore argued that his possession of drugs was for personal use, in which case the possession of the gun would not have been connected to a drug sale. On appeal, Moore has not contested his conviction for possession with intent to distribute, so this argument is no longer available to him.

[2] After briefs in this case were submitted, Moore moved to file a supplemental brief challenging his sentence for the first time on the ground that his sentence was enhanced based on prior convictions which were not set forth in the indictment, and not submitted to a jury. Blakely v. Washington, 124 S.Ct. 2531 (2004). Since this claim was not raised at sentencing, we would review any such argument for plain error. United

4

States v. Olano, 507 U.S. 725 (1993).

We doubt that the logic of <u>Blakely</u> applies to findings about previous convictions, <u>see</u> <u>United States v. Coplin</u>, -- Fed. Appx. --, 2004 WL 1790169 (3d Cir. Aug. 9, 2004), and, in any event, Moore has not actually suggested a real dispute about the accuracy of the findings relating to his own prior convictions. Moore will not, therefore, be able to establish plain error, <u>see</u> <u>United States v. Cotton</u>, 535 U.S. 625 (2002). We will deny the motion as futile.