

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2008

# USA v. Jeffrey Coplin

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2004

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Jeffrey Coplin" (2008). *2008 Decisions.* Paper 848.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/848

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-230                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2004
_____

UNITED STATES OF AMERICA,

v.

JEFFREY COPLIN,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 00-cr-00745)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted For Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P
10.6 or a Certificate of Appealability Under 28 U.S.C. § 2253
June 19, 2008

Before: BARRY, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed:  July 11, 2008)
_____

OPINION
_____

PER CURIAM

Jeffrey Coplin appeals from the District Court's denial of his motion for

immediate release from custody, dismissal of his motion for reconsideration, and order

denying his motion for bail pending resolution of his 28 U.S.C. § 2255 motion.  Coplin

has also filed a motion for bail before this Court. Because Coplin's appeal presents no substantial question, we will summarily affirm the March 19, 2008 judgment of the District Court. We will also deny Coplin's motion for bail.

I.

On November 21, 2001, Coplin entered a guilty plea to four counts involving the distribution of cocaine base; two of the counts violated 21 U.S.C. § 860—distribution within 1,000 feet of a playground. Coplin then moved pro se to withdraw the guilty plea on the ground that his attorney had wrongfully induced him to enter the plea. The District Court denied Coplin's motion and sentenced him to 20 years' imprisonment (concurrent) and 10 years of supervised release, the mandatory minimum due to Coplin's previous felony drug conviction. See 21 U.S.C. § 860. Coplin appealed, and on August 9, 2004, we held that he was not entitled to withdraw his guilty plea because it was knowingly and voluntarily entered into. See United States v. Coplin, No. 03-1570, 106 F. App'x 143 (3d Cir. 2004).

Coplin filed a § 2255 motion in March 2006, which the District Court denied. Coplin then filed a notice of appeal and application for a certificate of appealability ("COA") to this Court. (C.A. No. 07-4311.) We denied Coplin's application for a COA on June 12, 2008.

Meanwhile, in December 2007, Coplin filed in the District Court a motion for immediate release from custody based on his assertion that "Public Law 80-772 (Title

18)" is unconstitutional and void because it was never passed by both houses of Congress, and thus that the District Court was without jurisdiction to convict or sentence him. The District Court denied the motion as meritless on January 8, 2008. Coplin filed a timely motion for reconsideration requesting that the District Court make findings of fact and law on his claims and reasserting his original argument. He also filed a motion for bail pending adjudication of our decision on his application for a COA regarding his § 2255 motion. The District Court denied the motions on March 19, 2008. Coplin timely appealed, and also filed in this Court a motion for bail and a memorandum in support thereof.

## II.

First, we may grant a motion for bail pending adjudication of a § 2255 motion only upon a finding of extraordinary circumstances. Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (stating that "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence"). Moreover, when "bail is sought by a prisoner who has been convicted . . . and the district court has denied the collateral relief sought, the standard for bail is . . . more stringent." Id. at 1238. Here, Coplin's motion for bail was premised on his assertions that we would grant a COA as to his § 2255 motion and that he would eventually succeed on the § 2255 motion. Thus, because we denied Coplin's application for a COA, we must also deny his motion for bail. Likewise,

3

we affirm the District Court's denial of the bail motion Coplin filed before that court.

Second, in his motion for immediate release, Coplin argued that his criminal conviction was void because the criminal jurisdiction statute, 18. U.S.C. § 3231, was never enacted into positive law and is unconstitutional.[1]  This motion was really another challenge to his conviction or sentence; therefore, Coplin can proceed only under 28 U.S.C. § 2255.  However, because it appears that he has already had a § 2255 motion decided on the merits, Coplin will likely need to seek leave from this Court to file a second or successive § 2255 motion.  See 28 U.S.C. § 2255(h)(i); 28 U.S.C. § 2244(b)(3)(A).  Regardless, the claim in his motion for immediate release is without merit.  See United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006).  In addition, there was no basis for the District Court to grant Coplin's motion for reconsideration of its denial of the motion for immediate release.  See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

For these reasons, we will summarily affirm the District Court's order.  We deny Coplin's motion for bail.[2]

---

[1]    Coplin's time to appeal from the District Court's denial of his motion for immediate release was tolled because he filed a timely motion for reconsideration.  See Fed. R. App. P. 4(a)(4)(A); cf. United States v. Fiorelli, 377 F.3d 282, 288 (3d Cir. 2003).  We thus have jurisdiction to review the District Court's January 8th decision.

[2]    The Clerk previously advised the parties that this appeal would also be submitted on Coplin's notice of appeal construed as a request for a certificate of appealability.  Because no certificate of appealability is required, that request is denied as unnecessary.