**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3423
_____

UNITED STATES OF AMERICA

v.

JEFFREY COPLIN,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 00-cr-00745-001)
District Judge: Honorable J. Curtis Joyner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2013

Before: AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: September 12, 2013)
_____

OPINION
_____

PER CURIAM

    Appellant Jeffrey Coplin appeals from an order of the District Court denying his

motion for a reduction of sentence, 18 U.S.C. § 3582(c)(2).  For the following reasons,

we will affirm.

    Coplin, a federal prisoner, pleaded guilty to two counts of distribution of cocaine

base, in violation of 21 U.S.C. § 841(a)(1), and two counts of distribution of cocaine base

(crack cocaine) within 1,000 feet of a public playground, in violation of 21 U.S.C. § 860.

The District Court sentenced him on February 27, 2003 to concurrent sentences of 20 years' imprisonment and 10 years of supervised release, the statutory mandatory minimum where a defendant has previously been convicted of a felony drug offense. We affirmed the judgment of conviction and sentence. See United States v. Coplin, 106 Fed. Appx. 143 (3d Cir. 2004), cert. denied, 543 U.S. 1174 (2005).

In March, 2006, Coplin filed a motion to vacate sentence, 28 U.S.C. § 2255, in the United States District Court for the Eastern District of Pennsylvania, in which he alleged, among other claims, that he received ineffective assistance of counsel at sentencing. An evidentiary hearing was held, at which defense counsel testified. On November 2, 2007, the District Court denied the section 2255 motion on the merits. We denied Coplin's application for a certificate of appealability, see United States v. Coplin, C.A. No. 07-4311. Coplin later pursued other forms of relief unsuccessfully.

On April 6, 2012, Coplin filed a pro se motion for a reduction of sentence, 18 U.S.C. § 3582(c)(2), pursuant to the Fair Sentencing Act of 2010 ("FSA"). The Government opposed the motion on the basis of United States v. Reevey, 631 F.3d 110, 115 (3d Cir. 2010), which held that the FSA provision which raised the minimum amount of crack cocaine necessary to trigger the mandatory minimums did not apply retroactively to defendants who committed their offenses and were sentenced prior to August 3, 2010 (the effective date of the Act). The District Court denied the section 3582(c)(2) motion, and then denied a motion for reconsideration.

Coplin appeals. We have jurisdiction under 28 U.S.C. § 1291. We previously denied his motion for appointment of counsel on appeal and motion for release pending appeal. In his Informal Brief, Coplin argues that Reevey was wrongly decided because

2

the FSA is "procedural" in nature, and that the FSA is civil rights legislation that necessarily applies retroactively to his case. Because this appeal involves a purely legal question, our review is plenary. See United States v. Dixon, 648 F.3d 195, 198 (3d Cir. 2011).

We will affirm. Coplin argues that the ten-year mandatory minimum under the FSA should apply to him. The FSA lowered the mandatory minimum sentences for crack cocaine offenses and authorized the Sentencing Commission to amend the Guidelines to reduce the sentencing disparity between powder cocaine and crack cocaine. The new Guidelines amendments went into effect on November 1, 2010 and apply retroactively, but the FSA's reduced mandatory minimums do not apply retroactively. The FSA applies to all defendants sentenced after its enactment, but does not apply to those sentenced before it went into effect, Reevey, 631 F.3d at 114-15. The Supreme Court held in Dorsey v. United States, 132 S.Ct. 2321, 2335 (2012), that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders," but Dorsey did not hold that the FSA's lower mandatory minimums apply to offenders like Coplin who, although pre-Act offenders, were sentenced *before* its effective date. United States v. Augustine, 712 F.3d 1290, 1295 (9th Cir. 2013) (Dorsey does not require retroactive application of FSA's mandatory minimums to those sentenced before its passage), petition for cert. filed, July 22, 2013. See also United States v. Lucero, 713 F.3d 1024, 1027 (10th Cir. 2013) ("Dorsey narrowly applies to post-FSA sentencing for pre-FSA conduct."), petition for cert. filed, July 15, 2013; United States v. Robinson, 697 F.3d 443, 444-45 (7th Cir. 2012) (per curiam) ("Dorsey carefully confined its application of the [FSA] to pre-Act

3

offenders who were sentenced *after* the Act.").  Therefore, pre-FSA mandatory minimums apply to Coplin.

We reject as meritless Coplin's argument that the FSA merely altered the procedures for calculating a sentence.  (Informal Brief, at 5-6.)  In reaching our decision in Reevey, we relied upon the general Savings Clause, which expressly provides that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide."  1 U.S.C. § 109.  We explained that, "[i]n effect, the Savings Statute mandates that a court apply the penalties in place at the time the crime was committed unless the new law expressly provides otherwise."  Reevey, 631 F.3d at 114 (citing Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 661 (1974)).  The FSA does not contain an express statement that it applies to those sentenced before its effective date, and so it does not apply retroactively.  Coplin argues that the Savings Clause does not, however, save statutory changes which are primarily procedural, and notes that, after the FSA, trafficking in crack cocaine is still a crime, and no class of persons is excluded from punishment.  We reject this argument because, although the general Savings Clause does not preserve discarded procedures, "the FSA expressly amended the punishment portion of 21 U.S.C. § 841.  No procedures . . . were altered by the passage of the FSA." United States v. Bell, 624 F.3d 803, 815 (7th Cir. 2010); see also United States v. Doggins, 633 F.3d 379, 384 (5th Cir. 2011) (same); United States v. Smith, 632 F.3d 1043, 1048 (8th Cir. 2011) (same), cert. denied, 132 S. Ct. 265 (Oct. 3, 2011).

We also reject Coplin's other arguments that the FSA applies retroactively.  It is not inconsistent with the policy of the whole to apply the law as of its effective date, nor

4

does it violate the Equal Protection Clause to do so.  See United States v. Bigesby, 685

F.3d 1060, 1066 (D.C. Cir. 2012).  Moreover, Coplin's arguments are foreclosed by our

holding in Reeves.

In sum, Coplin's crimes are subject to the twenty-year statutory mandatory

minimum sentence that was in effect at the time he was sentenced, 21 U.S.C. §

841(b)(1)(A)(iii) (2000).

For the foregoing reasons, we will affirm the orders of the District Court denying

Coplin's motion for reduction of sentence and motion for reconsideration.